**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**WILLIAM VINCENT VERNON, III,**
**BRANDI BOOKAMER,**

**Plaintiffs,**

**v.** **Case No.: 5:26-cv-00492-CEM-PRL**

**JUDGE BRAD KING, JUDGE SHANAE PICKENS, JUDGE LEANN MACKEY-BARNES, JUDGE LISA HERNDON, JUDGE ROBERT E. LANDT, CLERK OF COURT GREGORY HARRELL, LARRY STUDER, JACKQULYN YOUNG, REPRESENTATIVE OF THE ESTATE OF DORIS WRIGHT SHAW;**

**Defendants,**
_________________________________/

## ORDER

The Plaintiffs, William Vincent Vernon, III, and Brandi Bookamer, who are proceeding pro se, filed this action against Judge Brad King, Judge Shanae Pickens, Judge Leann Mackey-Barnes, Judge Lisa Herndon, Judge Robert Landt, Clerk of Court Gregory Harrell, Larry Studer, Jackqulyn Young, and the Representative of the Estate of Doris Wright Shaw. (Doc. 1). Plaintiffs seek to proceed in forma pauperis. (Docs. 5 & 6). For the reasons explained below, the motions to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiffs will be given an opportunity to amend the complaint.

## I. Legal Standards

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

## II. Discussion

The complaint consists of over 35 pages of allegations, plus 75 pages of exhibits. As best can be discerned from the allegations of the complaint, Plaintiffs' claims arise from real property located on 35th Street in Silver Springs, Florida, and their dissatisfaction with proceedings related to a homestead determination and disposition regarding the property. Plaintiffs reference state court proceedings and have filed numerous exhibits related to the estate of Doris Wright Shaw, including records reflecting probate court proceedings related to the property. Plaintiffs purport to assert claims against the defendants (including numerous sitting state court judges for the Fifth Judicial Circuit in Marion County) pursuant to 28 U.S.C. § 1983 under the First, Fourth, and Fourteenth Amendment. (Doc. 1 at 4).

To begin, the allegations are vague, conclusory, non-specific, and lack well-pled facts. The complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. The complaint does not contain a short and plain statement of the claim(s) showing that the pleader is entitled to relief, as required by Rule 8. Although

Plaintiffs are proceeding pro se, they are "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Indeed, the complaint constitutes an impermissible shotgun pleading, in that it fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. The Eleventh Circuit has "repeatedly condemned shotgun pleadings, because '[p]leading claims in this fashion imposes a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated counts.'" *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (quoting *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006)); *see also Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) ("This Court has filled many pages of the Federal Reporter condemning shotgun pleadings and explaining their vices.").)

Liberally read, the complaint fails to state a plausible claim under § 1983 against any of the defendants. The conclusory allegations in the complaint do not sufficiently constitute a factual basis for Plaintiffs' claims that their civil rights were violated. Significantly, however, to the extent that Plaintiffs seek a review of a case adjudicated in Marion County, Plaintiffs' claims appear to be barred by the *Rooker-Feldman* doctrine and the doctrines of judicial immunity and prosecutorial immunity. It is evident from the complaint that Plaintiffs wish to use this lawsuit as a mechanism to intervene in or overturn decisions entered in a state court proceeding, and to attack any involved (or perhaps even uninvolved) judges. Plaintiffs' attempt to persuade the Court into reviewing and ruling on the merits of

state court judgments is likely foreclosed by the *Rooker-Feldman* doctrine. *See Efron v. Candelario*, 110 F.4th 1229, 1235–36 (11th Cir. 2024) (observing that, under the *Rooker-Feldman* doctrine, a court must "determine whether [a] plaintiff seeks relief from an injury caused by the judgment itself" and, if the plaintiff does, the doctrine applies) (internal quotation marks and citation omitted); *see also Symonette v. Aurora Loan Servs., LLC*, 631 F. App'x 776, 778 (11th Cir. 2015) (affirming the dismissal of the pro se plaintiffs' attack on a state court judgment based in part on the *Rooker-Feldman* doctrine).

To the extent the state court proceedings remain pending, the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971) may also require dismissing Plaintiffs' claims. The *Younge*r doctrine precludes a federal court from intervening in certain types of state cases where there is an "ongoing" judicial proceeding, the proceeding implicates an "important state interest," and there is an "adequate opportunity" in the state proceeding to raise federal challenges. *Leonard v. Alabama State Board of Pharmacy*, 61 F.4th 902, 908 (11th Cir. 2023) (citation omitted); *see also Adams v. Florida*, 185 F. App'x 816, 816–17 (11th Cir. 2006) (per curiam).

Out of an abundance of caution, the Court will provide Plaintiffs with the opportunity to file an amended complaint to clarify the bases for their claims. Plaintiffs must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which relief is south and explain with factual allegations how defendant(s) are responsible. Plaintiffs should carefully consider whether they can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

## III. Conclusion

Accordingly, Plaintiffs' motions to proceed *in forma pauperis* are **TAKEN UNDER ADVISEMENT**, and Plaintiffs shall have until **August 31, 2026,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiffs are cautioned that despite proceeding *pro se*, they are required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http:w.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiffs should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on July 24, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties